IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:22-CV-152-FL-KS

| | | |
|---|---|---|
| TIMOTHY HANKINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| WAKE COUNTY, N.C., | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court for review of plaintiff's pro se complaint (DE 1-1, 2) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Kimberly A. Swank entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended plaintiff's complaint be dismissed. (DE 5). Plaintiff filed late objections to the M&R, which the court has considered in this instance upon review of the M&R. In this posture, the issues raised are ripe for ruling.

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or

1

modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915(e)(2), the court may dismiss an action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. Here, the magistrate judge recommends dismissal of plaintiff's claims due to failure to state a claim upon which relief may be granted. Upon careful review of the M&R, the court finds the magistrate judge's analysis to be thorough and correct, and plaintiff does not "direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano, 687 F.2d at 47. The court thus hereby ADOPTS the recommendation of the magistrate judge as its own.

The court writes separately to augment the analysis of the M&R, in light of issues raised in plaintiff's objections. Plaintiff requests, for example, that this court declare "the Wake County Court and staff violated United States Protected Rights," referencing his proceedings in Wake County Superior Court and claiming that state judges and staff violated his rights. (Objs. (DE 8) at 1-3). Such claims, however, have been asserted in prior proposed complaints in this court, and were dismissed upon prior frivolity review on multiple grounds, including lack of subject matter jurisdiction due to the Rooker-Feldman doctrine, see, e.g. Lance v. Dennis, 546 U.S. 459, 463 (2006); state sovereign immunity; and Younger v. Harris, 401 U.S. 37, 41 (1971). See, e.g., Hankins v. United States, No. 7:20-CV-179-FL, 2021 WL 4437502, at *10 (E.D.N.C. Aug. 30, 2021), report and recommendation adopted, No. 7:20-CV-179-FL, 2021 WL 4428192 (E.D.N.C. Sept. 27, 2021). Such grounds for dismissal, in addition to failure to state a claim upon which relief can be granted for plaintiff's proposed claims suggested against county court staff and judges, continue to preclude the relief sought by plaintiff.

2

## CONCLUSION

Based on the foregoing, the court ADOPTS the M&R (DE 5), and plaintiff's claims are DISMISSED for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is DIRECTED to close the case.

SO ORDERED, this the 9th day of December, 2022.

_____
LOUISE W. FLANAGAN
United States District Judge